UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CRIMINAL ACTION |
| | ) | |
| Plaintiff, | ) | CASE NUMBER 5:24 CR 347 |
| | ) | |
| vs. | ) | |
| | ) | **JUDGMENT** |
| ANTOINE D. COOK, | ) | |
| | ) | |
| Defendant. | ) | |

The above-captioned case came before this Court for a trial by jury. At the conclusion of the trial, the Jury returned a unanimous Verdicts of guilty against the Defendant Antoine D. Cook on the Indictment.

Defendant Antoine D. Cook was charged with possession with intent to distribute Methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B), possession with intent to distribute cocaine in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C) and felon in possession of ammunition in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(8).

The trial commenced on June 3, 2025. A Jury of twelve was selected and sworn with four alternates. Opening statements of the United States and Defendant were made. The United States called the following witness(es): (1) Deputy Patrick Kevin Hunt; (2) John Thomas Zubick; (3) John Steven Christey, Jr; and (4) Jason Petaccio. Court is adjourned until June 4, 2025 at 8:30 a.m.

The trial continued on June 4, 2025. The United States called the following witness(es): (5) Stephanie Laughlin. The USA rests. Defendant's motion pursuant to Fed. R. Crim. P. 29 is denied. Defendant rested. The Court gave preliminary instructions of law to the Jury. Closing

arguments of the United States and Defendant were made. The Court gave final instructions of law to Jury. The Alternate Jurors were excused and the Jury thereafter retired to deliberate. The Jury, in open court, returned unanimous Verdicts of Guilty on the Indictment as follows:

**VERDICT FORM**
Count 1

We, the Jury in this case, having been duly impaneled and sworn, find the defendant, ANTOINE D. COOK__Guilty______ (enter in ink "guilty" or "not guilty") of knowingly and intentionally possessing with intent to distribute methamphetamine, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(a)(1) and (b)(1)(B) as charged in Count 1 of the Indictment.

With respect to Count 1, the amount of methamphetamine which defendant ANTOINE D. COOK possessed with intent to distribute was (indicate answer by checking one line below):

__x____ 5 grams or more

______ less than 5 grams

**VERDICT FORM**
Count 2

We, the Jury in this case, having been duly impaneled and sworn, find the defendant, ANTOINE D. COOK__Guilty_____ (enter in ink "guilty" or "not guilty") of knowingly and intentionally possessing with intent to distribute a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(a)(1) and (b)(1)(C) as charged in Count 2 of the Indictment.

**VERDICT FORM**
Count 3

We, the Jury in this case, having been duly impaneled and sworn, find the defendant, ANTOINE D. COOK__Guilty_____ (enter in ink "guilty" or "not guilty") of possession of ammunition

by a felon, in violation of Title 18, United States Code, Sections 922(g)(1) and 924(a)(8) as charged in Count 3 of the Indictment.

The Court read the Verdicts in open court and thereafter polled the Jury as to the correctness of its Verdicts. Each Juror affirmatively responded to the correctness of the Verdicts. The Court accepted the Jury's Verdicts. The Court instructed the jury on the Special Verdicts as to each count of the indictment and the jury retired to deliberate. The Jury returns unanimous verdicts of guilty as to each enhancement as follows:

**SPECIAL VERDICT FORM 1**

Count 1

We, the jury, unanimously find the following:

With respect to Count 1 of the Indictment, in which defendant ANTOINE D. COOK is charged with possession with the intent to distribute methamphetamine, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(B) we, the Jury having been duly impaneled and sworn, find that prior to committing the offense charged in Count 1, the defendant ANTOINE D. COOK

Did ______X___________ Did Not _________________

have a final conviction for a serious drug felony as alleged in Count 1.

**SPECIAL VERDICT FORM 2**

Count 1

We, the jury, unanimously find the following:

With respect to Count 1 of the Indictment, in which defendant ANTOINE D. COOK is charged with possession with the intent to distribute methamphetamine, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(B) we, the Jury having been duly impaneled and sworn, find that prior to committing the offense charged in Count 1, the defendant ANTOINE D. COOK

Did ____X__________ Did Not ________________

have a final conviction for a serious violent felony as alleged in Count 1.

**SPECIAL VERDICT FORM**
Count 2

We, the jury, unanimously find the following:

With respect to Count 2 of the Indictment, in which defendant ANTOINE D. COOK is charged with possession with the intent to distribute cocaine, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(C) we, the Jury having been duly impaneled and sworn, find that prior to committing the offense charged in Count 1, the defendant ANTOINE D. COOK

Did ______X_________ Did Not ________________

have a final conviction for a serious drug offense as alleged in Count 2.

**SPECIAL VERDICT FORM**
Count 3

We, the jury, unanimously find the following:

With respect to the charge in Count 3 of the Indictment in which defendant ANTOINE D. COOK is charged with felon in possession of ammunition, in violation of Title 18, United States Code, Sections 922(g)(1) and 924(a)(8), we, the Jury having been duly impaneled and sworn, find that prior to committing the offense charged in Count 3, the defendant ANTOINE D. COOK

Did _____X__________ Did Not ________________

have at least three of the previous convictions alleged in Count 3 for offenses that were committed on occasions different from one another.

The Court read the Special Verdicts in open court and thereafter polled the Jury as to the correctness of its Special Verdicts. Each Juror affirmatively responded to the correctness of the

Special Verdicts and the Court accepted the Special Verdicts. The Jury was discharged. The Defendant was referred to Probation for a Pre-Sentence Report and sentencing was set for September 10, 2025 at 10:00 a.m. Court was adjourned.

**IT IS SO ORDERED.**

Donald C. Nugent

**DONALD C. NUGENT**
**UNITED STATES DISTRICT JUDGE**

**DATE:** June 5, 2025